```
         UNITED STATES DISTRICT COURT
            DISTRICT OF MINNESOTA
         Case No. 21-CV-2533 (DSD/JFD)
```

Shukri I. I.,

        Plaintiff,

v.                                       **ORDER**

Kilolo Kijakazi, Acting
Commissioner of Social Security,

        Defendant.

This matter is before the court upon the objection by plaintiff Shukri I. I. to the January 19, 2023, report and recommendation of United States Magistrate Judge John F. Docherty (R&R).[1] In the R&R, the magistrate judge recommends that the court deny plaintiff's motion for summary judgment and grant the motion for summary judgment by defendant Kilolo Kijakazi, Acting Commissioner of Social Security (Commissioner). After a de novo review, and for the following reasons, the court overrules plaintiff's objections and adopts the R&R in its entirety.

## BACKGROUND

Plaintiff seeks judicial review of the decision denying her application for supplemental security income (SSI). The complete

---

[1] The court's policy is to use only the first name and last initial of non-governmental parties in social security cases.

background of this action is fully set forth in the R&R and will not be repeated here. The court will only briefly summarize the history of the present action.

Plaintiff filed an application for SSI on June 20, 2019, alleging the onset of disability on August 28, 2018. Plaintiff claims disability based on numerous impairments including obesity, degenerative disc disease of the spine, acromioclavicular joint, osteoarthritis, degenerative joint disease of the right shoulder, and post-traumatic stress disorder (PTSD). After receiving an initial denial of benefits, an administrative law judge (ALJ) heard her claims in February 2021. The ALJ concluded that plaintiff was not disabled despite suffering from the following severe impairments: degenerative disc disease (cervical and lumbar), bilateral rotator cuff tears, degenerative joint disease, obesity, PTSD, depressive disorder, anxiety disorder, and somatic symptom disorder. The ALJ also concluded, however, that even though plaintiff could not perform her past relevant work, she was able to work as a hand packager or inserter, thus rendering her not disabled within the meaning of the relevant regulations. Plaintiff appealed to the Social Security Administration Appeals Council, which denied her request for review.

On November 19, 2021, plaintiff filed this action seeking judicial review of the ALJ's denial of benefits. Both parties moved for summary judgment. On January 19, 2023, the magistrate judge recommended that the court deny plaintiff's motion to reverse the ALJ's decision, concluding that the decision was supported by substantial evidence in the record as a whole. Plaintiff now raises objects to the R&R, arguing that misconstrued the facts and failed to give due consideration to the report of Dr. Totoe, a consultative examiner in this matter.

## DISCUSSION

The court reviews the R&R de novo, and the findings and decisions of the ALJ for substantial evidence on the record as a whole. See 28 U.S.C. § 636(b)(1)(c); Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the [ALJ's] conclusion." Byes v. Astrue, 687 F.3d 913, 915 (8th Cir. 2012) (citation omitted). On review, the court considers "both evidence that detracts from and evidence that supports the Commissioner's decision." Hartfield v. Barnhart, 384 F.3d 986, 988 (8th Cir. 2004) (citation omitted). The court, however, may not "reverse the Commissioner's decision

3

simply because there is evidence supporting a different result." Hall v. Chater, 109 F.3d 1255, 1258 (8th Cir. 1997) (citation omitted). "If the evidence supports two inconsistent conclusions, one of which is that reached by the Commissioner's conclusion, [the court] must affirm the decision." Id. at 1258. Moreover, a court may not substitute its judgment for that of the ALJ. Fastner v. Barnhart, 324 F.3d 981, 983 (8th Cir. 2003). The court will disturb the ALJ's decision to deny benefits only if "the record contains insufficient evidence to support the outcome." Nicola v. Astrue, 480 F.3d 885, 886 (8th Cir. 2007) (citation omitted).

Here, plaintiff raises three specific objections to the R&R: (1) the R&R adopted facts that cannot support a finding of substantial evidence to affirm the ALJ's determination; (2) the R&R improperly discounted Dr. Totoe's clinical findings; and (3) the R&R did not consider facts consistent with Dr. Totoe's lifting restrictions. ECF No. 29. The court will address each objection in turn.

**I.  Lifting Limitations**

Plaintiff first argues that the magistrate judge erred in rejecting Dr. Totoe's November 2019 lifting limitations on the basis that plaintiff received an "effective" cortisone shot in August 2020 for her right shoulder. See Admin. R. at 494. As set

4

forth in the record, although the shot was effective for approximately ten days, plaintiff's pain returned. Id. at 641. This fact led her doctor to recommend surgery to repair her rotator cuff. Id. at 643. The record shows that the cortisone shot was not a cure for plaintiff's pain, and not intended to be, but the magistrate judge did not make such a determination. He simply noted that plaintiff received the shot, which was effective when given, and then proceeded to have surgery to surgically repair her shoulder two months later. ECF No. 24, at 10. According to post-operative records, the surgery was successful. Admin. R. at 650-53.

Given that Dr. Totoe completed her report in November 2019 and the cortisone shot and surgery were performed almost a year later, it was not error for the magistrate judge to conclude that the ALJ properly discounted Dr. Totoe's opinion in this regard. As noted in the R&R, the substantial evidence in the record supports the ALJ's overall determination.

**II. Dr. Totoe's Clinical Findings**

Plaintiff next argues that the R&R improperly discounted Dr. Totoe's opinion. Consistent with the ALJ, the R&R concluded that Dr. Totoe's opinion was based on plaintiff's subjective complaints rather than objective findings. Indeed, the images taken of

plaintiff's right shoulder in conjunction with Dr. Totoe's report shows "no fracture or malalignment," "[n]o intrinsic bony abnormalities," "preserved" join spaces, and "unremarkable" soft tissues. Admin. R. at 501. Thus, even if Dr. Totoe's opinions had been given credibility, there is ample other evidence in the record to support the ALJ's ultimate conclusion. Under these circumstances, the court cannot conclude that the ALJ or magistrate judge erred.

**III. Facts Discounted**

Plaintiff lastly argues that the R&R improperly discounts March and June 2020 MRIs which showed abnormal results ultimately leading to her surgery, and which support Dr. Totoe's opinion. The R&R accurately notes the abnormal findings of the MRIs at issue, as well as the fact that they also showed "mostly normal" findings. ECF No. 24, at 10; Admin. R. at 573-74, 582, 646. And again, Dr. Totoe's report and the MRIs preceded plaintiff's surgery, which was untaken to fix the crux of plaintiff's physical pain and limitations.

Plaintiff argues that she should nevertheless have been considered disabled before her surgery. As set forth persuasively and in detail by the ALJ and the magistrate judge, the substantial evidence in the record supports the conclusion that plaintiff was

6

also not disabled before her shoulder was surgically repaired. As a result, the R&R must be adopted in its entirety.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiff's objection to the R&R [ECF No. 29] is overruled;

2. The R&R [ECF No. 24] is adopted in its entirety;

3. Plaintiff's motion for summary judgment [ECF No. 18] is denied; and

4. Defendant's motion for summary judgment [ECF No. 20] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 27, 2023

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court